FILED
2022 Sep-27  PM 01:34
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

|  |  |
|---|---|
| KEVIN TRAMMELL, on behalf of himself and others similarly situated,<br><br>    Plaintiff,<br>v.<br><br>TOWN OF RAGLAND,<br><br>    Defendant. | CASE No.: |

## COLLECTIVE ACTION COMPLAINT AND
## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff, KEVIN TRAMMELL ("Plaintiff"), on behalf of himself and all other employees and former employees similarly situated, by and through his undersigned counsel, files this Collective Action Complaint and Demand for Jury Trial against Defendant, TOWN OF RAGLAND ("Town of Ragland")("Defendant") and states:

## <u>INTRODUCTION</u>

1.     Congress designed the FLSA to remedy situations "detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202(a).  To achieve this broad remedial purpose, the FLSA establishes minimum wage and overtime requirements for covered employees.  29 U.S.C. §§ 206, 207.  These provisions, coupled with an effective integrated cause of action within the FLSA, prevent employers from pilfering the wages rightfully earned by their employees.  *See Billingsley v. Citi Trends, Inc.*, 2014 WL 1199501 (11th Cir. Mar. 25, 2014).

2.     This is a collective action brought pursuant to 29 U.S.C. § 216(b) by Plaintiff, individually, and on behalf of all similarly situated persons employed by Defendant arising from

Defendant's willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

3.      Defendant operates different city departments located within the Town of Ragland, Alabama.

4.      Defendant employed Plaintiff and other similarly situated employees but failed to pay them the appropriate minimum wages and overtime pay under the FLSA.

5.      Defendant's practice of failing to compensate Plaintiff and other similarly situated employees for all of their hours worked each week violated the minimum wage and overtime provisions of the FLSA.

6.      Plaintiff brings a collective action to recover the unpaid wages owed to him and all other similarly situated employees, current and former, of Defendant at any time during the relevant period before this Complaint was filed up to the present ("Class Members").

7.      Plaintiff's Consent to Join form is attached hereto as Exhibit A.

## JURISDICTION

8.      Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, *et seq.*, hereinafter referred to as the "FLSA") to recover unpaid minimum wages, overtime compensation, an additional and equal amount as liquidated damages, and reasonable attorney's fees and costs.

9.      The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. § 1331, as Plaintiff's claims arise under 29 U.S.C. § 216(b).

10.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 since all, and/or a substantial part, of the events giving rise to Plaintiff's claims occurred in St. Clair County, Alabama, located within the Northern District of Alabama.

## PARTIES

11.     At all times material hereto, Plaintiff was a resident within the jurisdiction of the Northern District of Alabama.

12.     At all times material hereto, Town of Ragland is engaged in business in Alabama, with a principle place of business in Ragland, Alabama.

13.     At all times material hereto, Town of Ragland was an "employer" as defined by 29 U.S.C. § 201, *et seq.*

14.     At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

15.     At all times material hereto, Defendant was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

16.     Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum during the relevant time periods.

17.     At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce including equipment which was used directly in furtherance of Defendant's commercial activity of operating city departments.

18.     At all times material hereto, Plaintiff was 'engaged in commerce' and was subject to the individual coverage of the FLSA, by virtue of his handling or otherwise working on goods or materials that had been moved in commerce and which were used directly in furtherance of Defendant's commercial activity of operating city departments.

19.     At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendant.

## STATEMENT OF FACTS

20.     Defendant hired Plaintiff to work as a non-exempt street department worker in approximately October 2014.

21.     Plaintiff was employed by Defendant until approximately November 2021.

22.     Plaintiff's duties included street maintenance, grass cutting and garbage pickup.

23.     At all times relevant to the claim, Plaintiff was compensated on an hourly basis.

24.     However, Plaintiff was not properly compensated for all of the hours that he worked each week, in most, if not all, workweeks.

25.     During times relevant to the claim, Plaintiff worked in excess of forty (40) hours in most, if not all, workweeks.

26.     However, Defendant failed to compensate Plaintiff for all hours that he worked each week by deducting time for a lunch break on Thursdays when Plaintiff did not take a lunch break.

27.     This practice resulted in Plaintiff receiving less than the applicable minimum wage for all hours worked and proper overtime compensation for the hours that he worked over forty (40) in most, if not all, work weeks.

28.     Plaintiff should have been, and should be, compensated at a rate not less than the applicable minimum wage for all of the hours that he worked each workweek, and the applicable overtime rate as required by the FLSA, but Defendant failed to so compensate Plaintiff.

29.     Defendant has violated Title 29 U.S.C. §206 and 29 U.S.C. §207 in that:

      a.     Plaintiff worked in excess of forty (40) hours per week during his period of employment with Defendant;

      b.     No payments, or provisions for payment, have been made by Defendant to

properly compensate Plaintiff at the applicable minimum wage and one and one-half times Plaintiff's regular rate for those hours that he worked in excess of forty (40) hours per work week as provided by the FLSA;

c.    Defendant failed to pay Plaintiff at least minimum wage in most, if not all, work weeks, in violation of the FLSA;

d.    Defendant's failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA was willful.

## COLLECTIVE ACTION ALLEGATIONS

30.    Plaintiff brings this action as a collective action on behalf of a class of individuals similarly situated.

31.    Specifically, Plaintiff brings these claims under the Fair Labor Standards Act as a collective action and will request the Court to grant conditional certification under 29 U.S.C. § 216(b), and to order notices to potential opt-in individuals who are or were employed by Defendant as street department workers within three (3) years prior to the commencement of this lawsuit.

32.    As part of their regular business practices, Defendant intentionally, willfully and repeatedly harmed Plaintiff and the FLSA Class Members by engaging in a pattern, practice, or policy of violating the FLSA on a class wide basis.

33.    Although Defendant permitted and/or required the FLSA Class Members to work in excess of forty (40) hours per workweek, Defendant has denied them full compensation for their hours worked over forty (40) hours.

34.    Defendant also failed to pay Plaintiff and the Class Members for all hours worked each week, resulting in failure to pay the applicable minimum wage for all hours worked each

week.

35.    The FLSA Class Members are all street department employees who worked for Defendant.

36.    The FLSA Class Members all suffered from the same FLSA violations as set forth herein.

37.    In particular, Plaintiff and the FLSA Class Members all worked as street department workers who were not compensated at the proper minimum wage for all hours worked each week and a time and one-half rate for all of the hours that they worked over forty (40) each week.

38.    Many FLSA Class Members regularly work or have worked in excess of forty (40) hours during a workweek.

39.    However, the FLSA Class Members uniformly suffered from Defendant's illegal policy as described herein.

40.    The FLSA Class Members are not exempt from receiving minimum wage pay or overtime pay under the FLSA.

41.    Defendant's failure to pay overtime and minimum wage compensation at the rate as required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the FLSA Class Members.

42.    All FLSA Class Members, irrespective of their particular job requirements, are entitled to proper minimum wages and overtime compensation for hours worked in excess of forty (40) hours during each workweek.

43.    As such, the class of similarly situated Plaintiffs are properly defined as follows:

**All current and former street department workers who were employed by Defendant within the last three (3) years who worked in excess of forty (40)**

**hours in one or more workweeks but were not compensated at one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in one or more workweeks, and/or were not compensated at a rate at least equivalent to the Alabama minimum wage in one or more work weeks as required by the FLSA.**

57.     Specifically, despite the fact that numerous employees brought Defendant's aforementioned illegal policies and FLSA violations to Defendant's attention throughout their employment, Defendant refused to pay Plaintiff and those similarly situated their proper compensation as required by the FLSA.

58.     Defendant did not act in good faith or reliance upon any of the following in formulating their pay practices:

a.     case law;

b.     the FLSA, 29 U.S.C. § 201, *et seq*.;

c.     Department of Labor Wage and Hour Opinion Letters; or

d.     the Code of Federal Regulations.

59.     During the relevant period, Defendant violated the FLSA by retaining employees in an enterprise engaged in commerce, or in the production of goods and services for commerce, within the meaning of the FLSA, as aforesaid, for one (1) or more workweeks without compensating such employees for their work at a rate of at least one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a work week, and/or without compensating such employees the applicable minimum wage for all hours worked.

60.     Defendant's failure to compensate the FLSA Class Members at a rate of at least one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek, and failure to compensate the FLSA Class Members at the applicable minimum wage for all hours worked results from Defendant's policy or practice that applies to all similarly

situated employees, companywide.

61.     Defendant acted willfully in failing to pay Plaintiff and the FLSA Class Members in accordance with the law.

**COUNT I**
**VIOLATION OF 29 U.S.C. § 207 OVERTIME COMPENSATION**

62.     Plaintiff realleges and reincorporates paragraphs 1 through 61 as if fully set forth herein.

63.     Plaintiff worked in excess of forty (40) hours per week in most, if not all, work weeks while employed by Defendant.

64.     Plaintiff was not properly compensated at the statutory rate of one and one-half times his regular rate of pay for the hours that he worked in excess of forty (40) hours each workweek.

65.     Plaintiff is entitled to be paid at the statutory rate of one and one-half times his regular rate of pay for those hours worked in excess of forty (40) hours each work week.

66.     At all times material hereto, Defendant failed to maintain proper time records as mandated by the FLSA.

67.     Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times his regular rate of pay for the hours that he worked in excess of forty (40) hours per work week when it knew, or should have known, such was, and is due.

68.     Defendant failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

69.     Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per

week, plus liquidated damages.

70.     Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II
## VIOLATION OF 29 U.S.C. § 206 MINIMUM WAGE

71.     Plaintiff realleges and reincorporates paragraphs 1 through 61 as if fully set forth herein.

72.     Plaintiff is entitled to be paid at least the Alabama minimum wage for all hours worked in a workweek during his employment with Defendant.

73.     Defendant failed to pay Plaintiff at least the Alabama minimum wage for all of the hours that he worked in most, if not all work weeks.

74.     Defendants had specific knowledge that it was paying sub-minimum wages to Plaintiff.

75.     Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered and continues to suffer damages and lost compensation for unpaid minimum wages, plus liquidated damages.

76.     Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against the Defendant:

a.     An Order Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein (Counts I and II);

b.     An Order compelling Defendant to disclose the names and addresses of all FLSA

Class Members and permitting Plaintiff to send notice of this action all similarly situated individuals, including the publishing of notice in a manner that is reasonably calculated to apprise the FLSA Class Members of their right to join and participate in this lawsuit;

c.  An Order granting judgment in favor of Plaintiff and against Defendant and awarding Plaintiff and FLSA Class Members the full amount of damages and liquidated damages available by law;

d.  Overtime compensation for all hours worked over forty (40) hours in a work week at the applicable time and one-half  rate;

e.  All unpaid wages at the Alabama mandated minimum wage rate;

f.  An equal amount of all owed wages as liquidated damages as allowed under the FLSA;

g.  Awarding Plaintiff pre-judgment and/or post-judgment interest;

h.  Reasonable attorney's fees, costs and expenses of this action as provided by statute; and

i.  Such other relief to which Plaintiff and FLSA Class Members may be entitled, at law or in equity.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury.

Dated:  September 27, 2022.

*/s/ J. Bernard Brannan, III*
J. Bernard Brannan, III
Federal ID: ASB-6262-S64B
Morgan & Morgan, P.A.
2317 3rd Ave North
Suite 102
Birmingham, Alabama 35203

10

P: (659) 903-6013
F: (659) 903-6032
Email:  jbrannan@forthepeople.com

**/s/ _Chanelle J. Ventura_**[1]
Chanelle J. Ventura
Florida Bar No. 1002876
Morgan & Morgan, P.A.
8151 Peters Road, Suite 4000
Plantation, FL 33324
T: (954) 318-0268
F: (954) 327-3039
Email:  cventura@forthepeople.com
**_Attorneys for Plaintiff_**

---

[1] Chanelle Ventura's Motion for Appearance _Pro Hac Vice_ is being submitted contemporaneously herewith.