# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA

KEVIN TRAMMEL, on behalf of
himself and other similarly situated,

    Plaintiff,

v.

TOWN OF RAGLAND,

    Defendant.

                                          /

Civil Action No.:
4:17-cv-01250-CLM

## JOINT MOTION FOR APPROVAL OF SETTLEMENT

Plaintiff Kevin Trammel ("Plaintiff") and Defendant Town of Ragland ("Defendant"), through their undersigned counsel, jointly request that the Court approve the Parties' settlement of Plaintiff's claims under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 301, *et seq.* ("FLSA"), and dismiss Plaintiff's FLSA claims (Counts I and II) with prejudice.

### Factual and Procedural Background

In his Complaint, Plaintiff alleges that he is due unpaid minimum wage and overtime compensation under the FLSA. (Doc. 1.) Specifically, Plaintiff alleges that during his employment with Defendant, he was paid "less than the applicable minimum wage for all hours worked and proper overtime compensation for the hours

that he worked over forty (40) in most, if not all, work weeks." (Doc. 1, ¶ 27). Defendant disputes Plaintiff's claims, as discussed below.

Plaintiff and Defendant have successfully reached an agreement to resolve their dispute, and now seek approval of the settlement from the Court. A copy of the Settlement Agreement between Plaintiff and Defendant (the "Agreement") is attached hereto as **Exhibit A**. The Agreement includes every term and condition of the Parties' settlement of Counts I and II of the Complaint – which contemplates all counts of the Complaint.

The settlement provides for the following payments: (1) $593.20 in damages to Plaintiff and (2) $2,000 for Plaintiff's attorneys' fees and costs in bringing the lawsuit. As described more fully below, the Parties agree that this is a fair and reasonable settlement of a bona fide dispute.

## Memorandum of Law

**I.      The FLSA Settlement Approval Standard.**

This action arises under the FLSA. In *Lynn's Food Stores, Inc. v. Department of Labor*, 679 F.2d 1352 (11th Cir. 1982), the Eleventh Circuit held that "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees." "First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them." *Id.* at 1353. Alternatively, under section 216(b), when an employee brings a "private

right of action for back wages . . . and present[s] to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353.

Before approving an FLSA settlement, the court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. In determining whether the settlement is fair and reasonable, the Court should consider the following factors: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the state of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel. *See Leverso v. South Trust Bank of Ala., N.A.*, 18 F.3d 1527, 1531 n. 6 (11th Cir. 1994).

## II.     All of the Relevant Criteria Support Approval of the Settlement.

First, courts have found no fraud or collusion where both parties were represented by counsel and the amount to be paid to the plaintiff appeared fair. *See Helms v. Central Fla. Reg. Hosp.*, No. 6:05-cv-383-Orl-22JGG, 2006 U.S. Dist. LEXIS 92994, at *10 (M.D. Fla. 2006). Here, each party was independently represented by counsel. Defendant was represented by James E. Hill of Hill, Gossett,

3

Kemp & Watson, P.C. Plaintiff was represented by Chanelle Ventura of Morgan & Morgan, P.A. All of the counsel involved have experience in litigating FLSA claims. Each counsel was obligated to, and did, vigorously represent their clients' rights, and exchanged information with each other informally regarding the merits of the Parties' claims and defenses.

The complexity, expense, and length of future litigation also weigh in favor of the settlement. Plaintiff and Defendant continue to disagree over the merits of Plaintiffs' claims. Plaintiff maintains that Defendant asked him to work through lunch on at least an every other week basis causing him to work an additional thirty minutes, at least, every pay period for which he was not compensated. For its part, Defendant maintains that Plaintiff was not asked to work through lunch, and that demonstrative evidence at Defendant's disposal does not indicate Plaintiff worked through lunch.

Given the fact-nature of the Parties' dispute, they would be forced to engage in costly discovery and a trial in order to resolve the same. Through their settlement, the Parties seek to avoid these litigation costs, and also to avoid the uncertainty of having this matter resolved by the Court.

Third, there has been sufficient investigation and informal discovery to allow counsel and the Court to assess the Parties' claims and defenses. The Parties voluntarily exchanged information on an informal basis regarding Plaintiff's hours,

duties, and pay while he worked for Defendant. In agreeing upon the proposed settlement, the Parties had sufficient information and have conducted an adequate investigation to allow them to assess the claims and defenses.

Fourth, the settlement is fair and reasonable given the uncertainty as to whether Plaintiff would succeed on the merits of his claims. As noted above, the Parties have a bona fide dispute as to whether Plaintiff worked greater than forty (40) hours in any given work week, and both sides believe that there are facts that support their respective positions. The Parties also recognize, however, that there is uncertainty involved in all litigation, and that fact-heavy litigation is typically expensive to prepare for trial and with unpredictable outcomes at trial.

Finally, the attorneys' fees to be paid in the settlement are fair and reasonable. The attorneys' fees and costs of $2,000 are minimal given the early stage of this litigation. In addition, the attorneys' fees incurred by Plaintiff are being paid separately and are not being deducted from the $593.20 in damages to be paid to Plaintiff. This is consistent with the Eleventh Circuit's observation in *Silva v. Miller*, 307 Fed. App's 349 (11th Cir. 2009), that the FLSA contemplates that "the wronged employee should receive his full wages plus the penalty without incurring any expense for legal fees or costs." *See also Burroughs v. Honda Mfg. of Ala., LLC*, 3 F. Supp. 3d 1277, 1287 (N.D. Ala. 2014) (same).

## Conclusion

The settlement terms are fair, reasonable, and adequate. Accordingly, the Parties respectfully request that the Court grant their Joint Motion for Approval of Settlement and enter a Final Order of Dismissal with Prejudice of Plaintiff's Complaint.

Respectfully submitted this 25th day of January, 2023.

*(Signatures follow on next page)*

| | |
|---|---|
| HILL, GOSSETT, KEMP & WATSON, P.C. | MORGAN & MORGAN, P.A. |
| /s/ James E. Hill | /s/ Chanelle Ventura |
| James E. Hill, Esquire | Chanelle Ventura |
| 2603 Moody Parkway, Suite #200 | 8151 Peters Rd., Suite # 4000 |
| P.O. Box 310 | Plantation, FL 33324 |
| Moody, AL 35004 | cventura@forthepeople.com |
| jhill@hhglawgroup.com | *Counsel for Plaintiff* |
| *Counsel for Defendant* | |