FILED
2023 Jan-25 PM 03:48
U.S. DISTRICT COURT
N.D. OF ALABAMA

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

KEVIN TRAMMELL, on behalf of himself
and others similarly situated,

    Plaintiff,

v.

TOWN OF RAGLAND,

    Defendant.

Civil Action No.:
4:17-cv-01250-CLM

## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

THIS SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS ("Agreement") is made this __ day of _____, 2022, by and between Kevin Trammell ("Plaintiff") and the Town of Ragland ("Defendant"); *KRT*

WHEREAS, Plaintiff sued Defendant in the above captioned case, alleging violations of the Fair Labor Standards Act ("FLSA");[1]

WHEREAS, Defendant denies liability herein and any wrongdoing with respect to Plaintiff; and

WHEREAS, Plaintiff and Defendant wish to avoid litigation and settle and resolve the controversy between them amicably and expeditiously;

NOW, THEREFORE, in consideration of the mutual covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is hereby, STIPULATED AND AGREED by and between the undersigned parties that the above-entitled matter is hereby resolved as follows:

---

[1] Although the above captioned case was filed by Kevin Trammell on behalf of himself and others similarly situated, no other individuals have filed consent to join forms in this action.

1. **RECITALS.** The foregoing recitals are true and correct and are incorporated herein by this reference.

2. **RELEASE OF FLSA CLAIMS.**

    a. This Agreement shall constitute a waiver and release of (1) any and all wage and hour claims Plaintiff might have against Defendant, including, but not limited to, claims for unpaid wages, overtime, liquidated damages, regardless of whether these claims arise under federal, state, municipal or common law; and (2) any claims for attorneys' fees, costs and expenses expended in the prosecution of the above-referenced case.

    b. Within five (5) business days of execution of this Agreement, the parties shall cause their counsel to file a Joint Motion for Approval of Settlement and Dismissal with the Court. Within three (3) business days after Court approval of this settlement and payment of the amounts due pursuant to Paragraph 4, below, Plaintiff and Defendant shall file a Joint Stipulation for Dismissal with Prejudice of the above-referenced case to the extent that the Court has not dismissed the case upon approval of the settlement.

    c. Plaintiff hereby knowingly and voluntarily releases Defendant, its parents, predecessors, successors, assigns, subsidiaries, affiliates, and insurers, and their past and present directors, officers, shareholders, members, employees, agents, insurers and attorneys both individually and in their capacities as directors, officers, shareholders, members, employees, agents, insurers and attorneys (collectively "Releasees") of and from any and all claims arising under the FLSA, and any related state or common law claims for unpaid wages, which are or could have been encompassed in the above-captioned case, against any of the Releasees which Plaintiff has or might have as of the date of execution of this Agreement.

3. **CONSIDERATION.**

a. If (1) Plaintiff executes this Agreement; and (2) the Court approves this Agreement, then, in consideration of the matters set forth herein, Defendant shall pay to Plaintiff the total sum of Two Thousand Five Hundred Ninety-Three and 60/100 Dollars ($2,593.20) (hereinafter "Settlement Sum"), less applicable deductions as described below, within fourteen (14) days after the latter of (a) Plaintiff's delivery to Defendant's counsel of Plaintiff's execution of this Agreement and a W-9 form executed by Plaintiff's counsel, or (b) the Court's approval of this Agreement. Such Settlement Sum shall be allocated as follows:

- One check for $593.20. less applicable taxes, made payable to Kevin Trammell, as and for back pay compensation allegedly due to Plaintiff pursuant to the FLSA; which amount shall be subject to deductions or withholding and for which an IRS Form W-2 shall issue to Kevin Trammell;

- One check for $2,000.00, made payable to Morgan & Morgan, P.A., as attorneys' fees and costs incurred in connection with Plaintiff's claims and for which an IRS Form 1099 shall issue to Morgan & Morgan, P.A.

The checks shall be delivered to Morgan and Morgan P.A., c/o Chanelle Ventura, 8151 Peters Road, Suite 4000, Plantation FL 33324 within the time frame as indicated in this paragraph. Plaintiff understands and acknowledges that he would not receive the payments specified in this paragraph, except for his execution of this Agreement.

b. Defendant makes no representation as to the taxability of the amounts paid to Plaintiff. Plaintiff agrees to pay federal or state taxes, if any, which are required by law to be paid by him with respect to this settlement. Moreover, Plaintiff agrees to indemnify

3

Releasees and hold them harmless from any interest, taxes or penalties assessed against them by any governmental agency as a result of Plaintiff's non-payment of taxes on any amounts paid to Plaintiff or his attorney under the terms of this Agreement.

4. **AFFIRMATIONS**. Plaintiff affirms he has not filed, caused to be filed, or presently is a party to any claim, complaint, or action against Releasees in any forum or form, except the above-styled case. Plaintiff further affirms that he has been paid and/or has received all wages, bonuses, commissions and/or other compensation to which he may be entitled and that no wages, bonuses, commissions and/or other compensation is due to him through the date of this release, except as provided in this Agreement and Release of FLSA claims.

5. **NO ADMISSION**. Neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by the Releasees of any liability, unlawful conduct of any kind or violation by the Releasees of the FLSA.

6. **OPPORTUNITY TO REVIEW**. Plaintiff is aware he is giving up all FLSA claims he may have against the Releasees. Plaintiff acknowledges he has been advised to consult with an attorney and has had the opportunity to seek legal advice before executing this Agreement. In fact, Plaintiff acknowledges that he has consulted with his counsel-of-record prior to executing this Agreement. Plaintiff signs this Agreement voluntarily.

7. **WAIVER OF JURY TRIAL**. Plaintiff and Defendant hereby knowingly, voluntarily, and intentionally waive any right to a jury trial with respect to the FLSA claims asserted in the above-referenced case.

8. **SEVERABILITY**. Except as set forth below, should any provision of this Agreement set forth herein be declared illegal or unenforceable by any court of competent

jurisdiction, such that it cannot be modified to be enforceable, excluding the release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

9. **VENUE AND GOVERNING LAW**. This Agreement shall be governed by the laws of the State of Alabama with regard to its conflict of laws provisions. In the event of any action arising hereunder, venue shall be proper in the United States District Court in and for the Northern District of Alabama.

10. **ENTIRE AGREEMENT**. This Agreement sets for the entire agreement between Plaintiff and Defendant as to settlement of the above-referenced case. Plaintiff acknowledges he has not relied on any representations, promises, or agreements of any kind made to him in connection with his decision to sign this Agreement, except those set forth in this Agreement.

11. **AMENDMENTS**. This Agreement may not be amended, modified, altered, or changed, except by a written agreement which is both signed by all parties and which makes specific reference to this Agreement.

12. **COUNTERPARTS.** This Agreement may be executed in counterparts, each of which shall be deemed an original and all of which shall constitute together one in the same instrument, and will be effective upon execution by all Parties and expiration of the seven-day revocation period.

13. **THE SIGNATORIES HAVE CAREFULLY READ THIS ENTIRE SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS. THE PARTIES HAVE BEEN REPRESENTED BY COUNSEL THROUGHOUT THE NEGOTIATION OF THIS AGREEMENT AND HAVE CONSULTED WITH THEIR ATTORNEYS BEFORE SIGNING THIS AGREEMENT. THE PARTIES FULLY UNDERSTAND THE FINAL**

AND BINDING EFFECT OF THIS AGREEMENT. THE ONLY PROMISES OR REPRESENTATIONS MADE TO ANY SIGNATORY ABOUT THIS AGREEMENT ARE CONTAINED IN THIS AGREEMENT.

HAVING ELECTED TO EXECUTE THIS SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS, TO FULFILL THE PROMISES SET FORTH HEREIN, AND TO RECEIVE THEREBY THE SETTLEMENT SUM AND BENEFITS SET FORTH IN PARAGRAPH 4 ABOVE, PLAINTIFF FREELY AND KNOWINGLY AND AFTER DUE CONSIDERATION, ENTERS INTO THIS SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS INTENDING TO WAIVE, SETTLE AND RELEASE THE FLSA CLAIMS HE HAS OR MIGHT HAVE AGAINST RELEASEES.

THE PARTIES ARE SIGNING THIS AGREEMENT VOLUNTARILY AND KNOWINGLY.

*(Signatures follow on next page)*

Dated: ___01/23/2023___, ~~2022~~ RAW    KEVIN TRAMMELL

*Kevin Ray Trammell*

_____

STATE OF ~~ALABAMA~~ Florida RAW    )

COUNTY OF __Hillsborough__    )

6

SWORN TO AND SUBSCRIBED before me this 23rd day of ~~December 2022~~ January 2023, by Kevin Trammell, who is personally known to me or has produced ___DRIVER LICENSE___ as identification.

_Rholiya Arnao Williams_
(Notary Signature)

RHOLIYA ARNAO WILLIAMS
Notary Public - State of Florida
Commission # HH 68370
Expires on December 1, 2024

___Rholiya Arnao Williams___
(Notary Name Printed)

NOTARY PUBLIC
Commission No. __12/01/2024__

Dated: ___01/23/2023___, ~~2022~~

TOWN OF RAGLAND

By: _Richard Bunt_
Richard Bunt
Its: Mayor

Notarized online using audio-video communication

7